BOARD OF EDUCATION — CLUBS ON CAMPUS
The statutes provide that the board of education of each school district, under Title 70 O.S. 24-105 [70-24-105] (1971), may prohibit the formation of any club. However, as to whether the prohibition of the formulation of the Young Democrats or Teenage Republican type organization falls within the parameter of constitutional guidelines as required by the cases above, is a fact question to be decided according to the facts and circumstances in individual cases. The Attorney General is in receipt of your opinion request wherein you ask the following question: "Whether a public high school can refuse to allow a group of its students to form a Young Democrats or Teenage Republican organization and use school facilities in the same manner as other recognized high school activities such as Key Club, etc.?" The statutory authority vesting control over these activities in the board of education is found in Title 70 O.S. 24-105 [70-24-105] (1971), which provides: "The board of education of each school district shall have full power and authority to regulate, control or prohibit any fraternity, sorority, secret society, club or group composed in whole or in part of peoples enrolled in the elementary and high schools of the district if it deems it advisable and in the best interests of the school program to do so." It appears clear that the school board of each district has plenary power to prohibit the formation of political groups subject to conforming to federal constitutional guidelines. Constitutional questions concerning the school boards' power have been raised in a number of recent cases. Initially the Courts have held the State subject to federal constitutional scrutiny as evidenced by the case of Sullivan v. Houston Independent School District, 333 F. Supp. 1149 (1971), wherein the Court said: "The Fourteenth Amendment as now applied to the States, protects the citizen against the State itself and all of its creatures — Boards of Education not excepted. These have, of course, important, delicate and highly discretionary functions, but none that they may not perform within the limits of the Bill of Rights. That they are educating the young for citizenship is reason for serupulous protection of Constitutional freedoms of the individual, if we are not to strangle the free mind at its source and teach youth to discount important principles of our government as mere platitudes. Barnett, supra, at 637, 63 S.Ct. al 1185. "In 1969, the Supreme Court extended to public school students the full panoply of First Amendment rights, . . ." And in Dunn v. Tyler Independent School District, 327 F. Supp. 528 (1971), the Court stated: "It is evident that First Amendment rights to 'freedom of speech * * * and the right of the people peaceably to assemble, and to petition the Government for a redress of grievance, are held by minors as well as adults, and that these rights must be respected by governmental authority even in the context of the educational environment. Tinker v. Des Moines Ind. Community School District, 393 U.S. 503,89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Minors in school as well as out of school are recognized as 'persons' under the constitution and are thereby possessed of fundamental rights which the State must respect. . . . "Accordingly, school officials may not entirely prohibit speech and speech related activity but may only promulgate regulations which forbid conduct relating to such activities that `materially and substantially interfere s with the requirements of appropriate discipline in the operation of the school.' "`Conduct by the student, in class or out of it, which for any reason — whether it stems from time, place, or type of behavior — materially disrupts classwork or involves substantial disorder or invasion of the rights of others, is of course, not immunized by the constitutional guarantee of freedom of speech.' " (Emphasis added) Analogous to the question here is the case of Passel v. Ft. Worth Independent School District,429 S.W.2d 917 (1968), wherein the Court stated the general rule that a board of education may prohibit and forbid sororities, fraternities and other secret organizations such as charitable clubs. The Court went on to state: ". . . states have a wide scope of discretion of permissible classification which will not be disturbed unless `invidious discrimination' is shown or unless the classification is `palpably arbitrary.'" In James v. Board of Education of Central District No. 1, etc.,461 F.2d 566 (1972), the Court said: "What we require then, is only that rules formulated by school officials be reasonably related to the needs of the educational process and that any disciplinary action taken pursuant to those rules have a basis in fact." Following this line of cases it is apparent that the board may prevent certain activities when such activities disrupt, or materially interfere with the educational process, as long as the prohibition is not premised upon an arbitrary or capricious classification. The burden is upon the rule making authority (board) prohibiting the formation of political interest groups among high school students, to show that the allowance of such an organization will have a deleterious effect upon the educational process. A further consideration is whether the Board has allowed equal clubs to form while denying others and in so denying, has a rational basis for such a decision. It is, therefore, the opinion of the Attorney General that your question should be answered in the affirmative in part, in that the statutes provide that the board of education of each school district, under Title 70 O.S. 24-105 [70-24-105] (1971), may prohibit the formation of any club. However, as to whether the prohibition of the formulation of the Young Democrats or Teenage Republican type organization falls within the parameter of constitutional guidelines as required by the cases above, is a fact question to be decided according to the facts and circumstances in individual cases. (Robert H. Mitchell)